# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| **LINDA RICHARDSON**, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) Civil Action, Case No.: _____ |
| v. | ) |
| | ) **JURY DEMANDED** |
| **CKG ENTERPRISES, INC.** | ) |
| **LLC,** *a Tennessee Corporation* | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## VERIFIED COMPLAINT FOR VIOLATION OF
## THE FAIR LABOR STANDARDS ACT

**COMES NOW** the Plaintiff, Linda Richardson (hereinafter referred to as "Ms. Richardson," or "Plaintiff"), by and through counsel, and for her Complaint against Defendant, CKG Enterprises, Inc., (hereinafter "Defendant" or "CK's") and states as follows:

### NATURE OF THE COMPLAINT

1. Ms. Richardson brings a cause of action under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Ms. Richardson brings this action against Defendant for Defendant's willful failure to pay minimum wage to Plaintiff, who was employed as wait staff at Defendant's Restaurant. Specifically, Plaintiff alleges that Defendant's practice of compelling its wait staff to contribute a portion of her tips to the cook, which were used to offset Defendant's minimum wage obligations, "poisoned" the tip pool such that the wait staff were entitled to receive minimum wage for all hours worked while the tip pooling/sharing arrangement was in place. Plaintiff also asserts a claim for

unjust enrichment arising from Defendant's illegal retention of its wait staff's earned tips. Further, Plaintiff asserts that she was illegally terminated in retaliation for reporting wage and hour violations.

## PARTIES

3. Ms. Richardson is an adult resident of Memphis, Shelby County, Tennessee.

4. Ms. Richardson was an employee of Defendant for FLSA purposes.

5. Defendant Restaurant is a limited liability company organized under the laws of the State of Tennessee with a place of business in Memphis, Shelby County Tennessee and may be served through its registered agent Eugene J Sullivan at 509 S Highland Street, Memphis, Tennessee 38111.  At all relevant times complained of herein, Defendant Restaurant was an employer under 29 U.S.C. § 203(e)(1).

## JURISDICTION AND VENUE

6. This action for damages is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*  This Court has federal question subject matter jurisdiction pursuant to 29 U.S.C. §§ 216(b) and 217.

7. Defendant is a legal entity and has sufficient minimum contacts with the State of Tennessee such that they are subject to service of process in Tennessee.   Therefore, this Court has personal jurisdiction over Defendant Restaurant.

8. Defendant does business in the Western Division of Tennessee.  Furthermore, all of the events giving rise to Ms. Richardson's claims occurred in the Western District-Western Division of Tennessee.  Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Western District-Western Division of Tennessee.

## FACTUAL BACKGROUND

9. Defendant employed Ms. Richardson, with Ms. Richardson's employment beginning in approximately 1993.

10. Defendant hired Ms. Richardson to be a server at the restaurant.

11. Defendant failed and refused to pay Ms. Richardson for all hours worked.

12. Ms. Richardson was paid $2.15 per hour, plus tips by Defendant.

13. Defendant claimed the tip credit, 29 U.S.C. § 203(m), when they paid Ms. Richardson an hourly wage of $2.15 per hour.

14. Ms. Richardson worked approximately two days per week.

15. Ms. Richardson worked approximately seven hours per shift.

16. Defendant did not allow Ms. Richardson to keep all of the tips that she earned.

17. Defendant required that Ms. Richardson pay a portion of her tips to the cook on duty.

18. If Ms. Richardson earned over $57.00 in tips on any given shift, Defendant required Ms. Richardson give the cook at least $15.00 of her tips.

19. The cooks did not interact with Defendant's customers.

20. The cooks did not directly influence the customer's willingness to leave a tip.

21. The cooks did not take orders.

22. The cooks did not run food.

23. The cooks did not help clear dishes.

24. A cook is not an employee who customarily and regularly receives tips.

25. By misappropriating a portion of the tip pool, Defendant improperly managed the tip pool.

26. Defendant did not satisfy the requirements of the Fair Labor Standards Act and Defendant is not eligible to take the tip credit.

27. Ms. Richardson is entitled to the return of her tips and wages and compensation based on the standard minimum wage for all hours worked.

28. Ms. Richardson was a non-exempt employee.

29. Ms. Richardson clocked in and clocked out of her shifts with Defendant.

30. Defendant told Ms. Richardson which work assignments to complete, when they had to be completed, and how work should be performed.

31. Defendant had the power to hire and fire Ms. Richardson.

32. Defendant controlled the number of hours Ms. Richardson worked, the rate, and the method of her payment.

33. Defendant failed to compensate Ms. Richardson for all compensable time she worked for Defendant.

34. In July 2017, Ms. Richardson worked a shift for Defendant.

35. Ms. Richardson worked a seven-hour shift.

36. Ms. Richardson received $38.00 in tips from Defendant customers.

37. Ms. Richardson did not give a portion of her tip to the cook on this day.

38. The cook on duty reported Ms. Richardson's failure to pool her tips to management.

39. Ms. Richardson told Ms. Lisa (las name unknown), manager, that she could not give the cook a portion of her tips because she did not earn enough money.

40. Ms. Richardson made a complaint to Ms. Lisa (last name unknown).

41. Ms. Richardson complained that she had to split her tips with cooks.

42. Ms. Richardson complained that the cook did not help her in performing her duties with the customers.

43. Ms. Richardson said that she should not be required to split her tips with the cook because the cook did not help her with her customer duties.

44. Therefore, Ms. Richardson made a complaint under the Fair Labor Standards Act.

45. Ms. Lisa (last name unknown), in response to Ms. Richardson' complaint, told Ms. Richardson that she had to give the cook $16.00 on each shift.

46. Further, Ms. Richardson reported tip pool violations to Ms. Kathy Lanier.

47. Ms. Lanier told Ms. Richardson that she had to give the cooks $16.00 out of her own tips.

48. Defendant subsequently terminated Ms. Richardson stating she "refused to give other employee tips."

49. Defendant terminated Ms. Richardson in retaliation for refusing to participate in or remain silent about illegal activity.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

50. Ms. Richardson re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 49 as they were set forth fully herein.

51. Upon information and belief, at all relevant times, Defendant have been, and continue to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

52. Upon information and belief, at all relevant times, Defendant employed and continues to employ "employee[s]."

53. Upon information and belief, at all relevant times, Defendant have gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

54. Upon information and belief, Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" under the FLSA.

55. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked at an hourly rate of at least minimum wage.

56. Ms. Richardson is entitled to be paid minimum wage for all hours worked and is entitled to be paid overtime compensation for all hours worked over forty in a given work week.

57. Defendant, as an employer under the FLSA, must pay employees minimum wage.

58. Defendant took a "tip credit" when paying Ms. Richardson her hourly wage of $2.13 per hour.

59. Employees who do not "customarily and regularly" receive tips were included in the tip pool in violation of the FLSA.

60. Further, upon information and belief, Defendant did not properly inform Ms. Richardson of its intent to take the tip credit.

61. Upon information and belief, Defendant did not properly inform Ms. Richardson who would be included in the tip pool.

62. As a result, Defendant were not eligible to take the tip credit.

63. As a result of Defendant's illegal actions in taking a tip credit, Ms. Richardson was not properly compensated under the FLSA.

64. Specifically, Defendant failed to compensate Ms. Richardson at a rate not less than the minimum wage required under the FLSA.

65. As a result of Defendant's failure to compensate Ms. Richardson for all hours worked at a rate not less than minimum wage, Defendant violated the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

66. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

67. Defendant's violation of the law was not a good faith error under 29 U.S.C. § 260.

68. Ms. Richardson sustained substantial monetary and non-monetary damages as a direct and proximate cause of Defendant's illegal conduct, and Ms. Richardson demands such legal and equitable relief as will effectuate the purposes of FLSA, including but not limited to, the following:

   a. Back Pay;

   b. Liquidated damages;

   c. Costs and attorney's fees;

   d. Appropriate affirmative action;

   e. Reinstatement or other equitable relief; and

   f. Any other relief that this Court deems just and equitable.

## Count II – Retaliation in Violation of the FLSA

69. Ms. Richardson re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 68 as they were set forth fully herein.

70. During the course of her employment, Ms. Richardson reported wage an hour violations to management.

71. When Ms. Richardson reported tip pool and minimum wage violations to management, Ms. Lisa (last name unknown) and Ms. Lanier, she engaged in activity protected by the FLSA.

72. Ms. Richardson reported tip pool violations to Ms. Lisa (last name unknown).

73. Ms. Richardson reported tip pool violations to Ms. Lanier.

74. Ms. Richardson reported to both Ms. Lisa (last name unknown) and Ms. Lanier that she should not have to share tips with the cooks.

75. Defendant told Ms. Richardson she was required to give the cook a portion of her tips.

76. As a result of engaging in this protected activity, Defendant terminated Ms. Richardson in violation of 29 U.S.C. § 215(3).

77. Defendant's violation of the law was not a good faith error under 29 U.S.C. § 260.

78. Ms. Richardson sustained substantial monetary and non-monetary damages as a direct and proximate cause of Defendant's illegal conduct, and Ms. Richardson demands such legal and equitable relief as will effectuate the purposes of FLSA, including but not limited to, the following:

   a. Back Pay;

   b. Liquidated damages;

   c. Compensatory damages;

   d. Punitive damages;

   e. Costs and attorney's fees;

   f. Appropriate affirmative action;

   g. Reinstatement or other equitable relief; and

   h. Any other relief that this Court deems just and equitable.

**COUNT III- Violation of the Tennessee Public Protection Act-
Tenn. Code Ann. § 50-1-304 (2013) and Tennessee Common Law,
*Guy v. Mutual of Omaha Ins. Co.*, 79 S.W.3d 528 (Tenn. 2002)**

79. Ms. Richardson re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 78 as they were set forth fully herein.

80. During the course of her employment, Ms. Richardson reported wage an hour violations to management.

81. Ms. Richardson refused to remain silent while Defendant failed to pay her in accordance with the FLSA.

82. Ms. Richardson refused to remain silent while Defendant required her to tip out the cook.

83. Compensating employees in accordance with the law is an important public policy concern because it affects statutorily protected labor and employment rights.

84. When Ms. Richardson reported wage and hour violations to management, she engaged in activity protected by the FLSA.

85. The true reason for Ms. Richardson's termination was because she reported Defendant's illegal pay practice.

86. In fact, Defendant states on her termination paperwork that she was terminated for "refus[ing] to give other employees tips."

87. There was a direct causal link between Ms. Richardson's protected activity and her wrongful termination.

88. As a result of engaging in this protected activity, Defendant terminated Ms. Richardson in violation of the Tennessee Public Protection Act and Tennessee Common Law.

89. Ms. Richardson sustained substantial monetary and non-monetary damages as a direct and proximate cause of Defendant's illegal conduct, and Ms. Richardson demands such legal and equitable relief as will effectuate the purposes of the TPPA and Tennessee Common law, including but not limited to, the following:

    a. Compensatory damages;

    b. Punitive damages;

    c. Costs and attorney's fees;

    d. Appropriate affirmative action;

    e. Reinstatement or other equitable relief;

    f. Accrual of back and front pay and fringe benefits; and

      g.     Any other relief that this Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Richardson prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-Judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, front pay, back pay and compensatory damages, and penalties in an exact amount to be determined at trial;

4. Award her costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Ms. Richardson hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

Dated: January _2_, 2019

Respectfully submitted,

  s/Bailey H. Dorsey
  Laura Ann E. Bailey, TN Bar No. 027078
  Alan G. Crone, TN Bar No. 014285
  Bailey H. Dorsey, TN Bar No. 33664
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
901.737.7740 (voice)
901.474.7959 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
lbailey@cronelawfirmplc.com
bdorsey@cronelawfirmplc.com
*Attorneys for Plaintiff*